*Islam v. Bondi*

BIA
Christensen, IJ
A206 900 499

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of November, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

TAJUL ISLAM,
> *Petitioner,*

> v.                                                   24-465
>                                                      NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                     Khagendra Gharti-Chhetry, Esq., New York, NY.

FOR RESPONDENT: Brian M. Boynton, Principal Deputy Assistant Attorney General; Colin J. Tucker, Senior Litigation Counsel; Remi da Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tajul Islam, a native and citizen of Bangladesh, seeks review of a February 14, 2024, decision of the BIA affirming a December 18, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tajul Islam*, No. A206 900 499 (B.I.A. Feb. 14, 2024), *aff'g* No. A206 900 499 (Immig. Ct. N.Y. City Dec. 18, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA briefly affirms the decision of an IJ and adopts the IJ's reasoning in doing so, we review the IJ's and the BIA's decisions together." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006) (internal quotation marks omitted and alterations accepted). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao*

2

*v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Islam alleged that members of the Awami League attacked and threatened him numerous times between 2006 and 2014 on account of his membership in the Bangladesh Nationalist Party ("BNP"). Before the IJ hearing in 2019, Islam

3

submitted multiple versions of his asylum application and accompanying written statement. Given the discrepancies between those statements, substantial evidence supports the agency's determination that Islam was not credible.

The IJ reasonably relied on discrepancies in Islam's accounts of (1) what happened during and after an alleged attack in January 2014, (2) whether he was discovered while living in hiding, and (3) whether police came when his family reported an attack on their house.[1] *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Islam did not compellingly explain these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal citation omitted)).

Having questioned Islam's credibility, the IJ reasonably determined that Islam failed to rehabilitate his testimony with reliable corroborating evidence.

---

[1] The IJ also identified a fourth basis for his conclusion. Because we determine that the three grounds enumerated above provide substantial evidence to support the IJ's adverse credibility determination, we decline to address the fourth.

4

"An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Islam does not make any arguments regarding this conclusion. He has therefore abandoned any challenge to this part of the agency's decision. *See Zhang v. Gonzales*, 426 F.3d 540, 546 n.7 (2d Cir. 2005) (a claim is "abandoned" when Petitioner's brief devotes "only a single conclusory sentence to the argument"). Even so, the IJ reasonably concluded that Islam's documentary evidence—including an inconsistent medical record regarding the alleged January 2014 attack and affidavits from family members and friends—did not rehabilitate his credibility. *See Likai Gao*, 968 F.3d at 149 (holding that an "IJ acted within her discretion in according . . . little weight [to letters from Petitioner's wife and friend] because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination").

Taken together, the inconsistencies and the lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8. The adverse credibility determination is dispositive because all three forms of relief are based on the same

5

factual predicate.  *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6